**SOUTHWEST BUILDING MATERIALS COMPANY, INC., Appellant,**

v.

**AD AMERICA COMPANY, INC., Appellee.**

**No. 5533.**

Court of Civil Appeals of Texas, Waco.

Feb. 19, 1976.

892

Urban, Coolidge, Pennington & Scott, Michael D. Stewart, Houston, for appellant.

Block & Kyle, Joe E. Kyle, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege, and involves Subdivision 5, Article 1995 VATS.

Plaintiff Ad America sued defendant Southwest Building Materials, in Dallas County, on sworn account for $3652.23 materials sold and delivered to defendant.

Defendant filed its plea of privilege to be sued in Harris County, the County of its residence.

Plaintiff controverted alleging the suit maintainable in Dallas County under Subdivision 5, Article 1955 VATS.

Trial was before the court which after hearing overruled defendant's plea of privilege.

Defendant appeals on 2 points contending: 1) the trial court erred in overruling its plea of privilege on the basis of Subdivision 5, Article 1995, because there was no evidence; and 2) insufficient evidence that the place of payment was Dallas County.

Subdivision 5, Article 1995 provides:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile".

In the instant case the suit was upon sworn account. The invoice does not state the place of payment and is not signed by defendant, *and was not introduced into evidence.*

Plaintiff's Vice President testified that defendant purchased one hundred thousand advertising brochures from plaintiff; that same were delivered to defendant in Houston; that at time defendant purchased the brochures defendant did business in Dallas County; that defendant agreed that it would pay for the material in Dallas County; and that plaintiff has not been paid.

The written document relied upon in a Subdivision 5 case must be proved. *Thompson v. Republic Acceptance Corp.,* S.Ct., 388 S.W.2d 404. Plaintiff introduced no such writing. There is no evidence that defendant contracted in writing to perform an obligation in Dallas County.

Defendant's point 1 is sustained.

The judgment is reversed and judgment here rendered transferring the cause to Harris County.

REVERSED AND RENDERED.