**HANGER GENERAL CONTRACTORS et al., Appellants,**

v.

**GREATER SWENSON GROVE BAPTIST CHURCH, Appellee.**

No. 13132.

Court of Civil Appeals of Texas, Austin.

March 19, 1980.

Clayton E. Devin, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellants.

Ted R. Cackowski, Austin, for appellee.

SMITH, Justice.

Appellee Greater Swenson Grove Baptist Church brought suit in Travis County against appellants Hanger General Contractors, Charles F. Hanger, and Charles F. Hanger, Jr., alleging appellants breached a trust and an agreement with the appellee relating to improvements made to the church. Appellants filed a plea of privilege asserting their right to be sued in Wood County, their domicile.

Appellee then filed a controverting plea that alleged for the first time, a written contract to be performed in Travis County and that the Church was entitled to maintain venue there by reason of Tex.Rev.Civ. Stat.Ann. art. 1995(5)(a) (Supp.1980). The trial court, after a hearing, overruled appellants' plea of privilege and appeal has been duly taken to this Court. A transcript has been brought forward by appellants, but no statement of facts has been filed.

Article 1995(5)(a) (Supp.1980) provides: " . . . if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The essential venue facts under this subdivision are:

(1) that defendant is a party reached by the statute;

(2) that claim is based on a written contract;

(3) that contract was entered into by defendant or by one authorized to bind him; and

(4) that contract by its terms provides for performance of the obligation sued on in the county of suit.

*Gray v. West*, 572 S.W.2d 829, 830 (Tex.Civ. App.—Amarillo 1978, no writ).

Appellee's original petition does not show that the action is based on a written contract nor does it show the *situs* where the obligation therein is to be performed. After appellants filed their plea of privilege to be sued in the county of their domicile, appellee filed a controverting affidavit, attaching thereto a copy of the contract. That portion of the contract that is attached to the controverting plea does not specify a definite place of performance. It did, however, provide that " . . . the improvements shall be made on Owner's property _____ in accordance with the plans and specification which will be approved by Owners and attached hereto, referred to herein and *made a part hereof*. . . ." (Emphasis added). The issues resolve themselves into: (1) whether the plans and specifications were part of the contract, and (2) whether a contract in writing and the place where that contract is to be performed could be alleged for the first and only time in the controverting affidavit.

■ "[C]ontracts that refer to specifications have the effect of incorporating the specifications into the contract." *Brown v. Payne-Ladewig, Inc.*, 568 S.W.2d 159 (Tex. Civ.App.—Dallas 1978, writ ref'd n. r. e.); *Tower Contracting Co. v. Flores*, 157 Tex. 297, 302 S.W.2d 396, 398 (1957); *Delhi Pipe-*

**34**

line Corp. v. Lewis, Inc., 408 S.W.2d 295, 298 (Tex.Civ.App.—Corpus Christi 1966, no writ).

 Rule 59, Texas Rules of Civil Procedure (1979), allows the parties to attach copies of written instruments (that are a part of the "claim sued on" or "matter set up in defense") to the pleadings. The pleadings will not be considered defective if any missing allegation can be supplied from the attached exhibits. *Carr v. Central Music Company,* 494 S.W.2d 280 (Tex.Civ.App. —Austin 1973, no writ).

 Thus, the specifications were a part of the contract. The venue requirement of a written contract was shown by its attachment to the pleadings. As there is no statement of facts on file in this cause, we must also assume that the trial court correctly determined that the specifications provided for performance of the contractual obligation in Travis County. *Englander Company v. Kennedy,* 428 S.W.2d 806 (Tex.1968).

As the specifications were a part of the contract, the next question is whether the place of performance, presumptively contained in that contract, may be alleged for the first and only time in the controverting affidavit.

In *Wilson's Pharmacy, Inc. v. Behrens Drug Company,* 494 S.W.2d 161 (Tex.1973), the Supreme Court dealt with the question of whether " . . . all venue facts relied upon by the plaintiff must be alleged in both the petition and the controverting plea." There the Court held that the defendants could allege a contract in writing to pay for items in a sworn open account for the first and only time in their controverting affidavit.

 The case at bar is analogous to *Wilson's Pharmacy.* The venue facts of a contract in writing and the place of performance may be alleged for the first and only time in appellee's controverting plea.

Appellee, at the plea of privilege hearing, had the burden of producing evidence which would support its position that venue was proper in Travis County. In the absence of a statement of facts, we must presume such

burden was met and that, based upon the evidence which was introduced, the trial court properly overruled appellants' plea of privilege. *Englander Company v. Kennedy, supra.*

The judgment of the trial court is affirmed.