**CHAPMAN OIL & GAS COMPANY, INC., Appellant,**

v.

**Scott SYLAR, Appellee.**

**No. 1388.**

Court of Civil Appeals of Texas, Tyler.

Nov. 20, 1980.

Rehearing Denied Dec. 23, 1980.

David G. Matthiesen, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellant.

Larry S. Parnass, Irving, for appellee.

MOORE, Justice.

This is an appeal from an order overruling the plea of privilege of appellant, Chapman Oil Company.

Appellee, Scott Sylar, brought suit against appellant in Henderson County for failure to repair a road in accordance with the terms of a written oil and gas lease covering a tract of land in Henderson County which was entered into by appellant and T. E. Beach. He alleged that after the execution of the lease he purchased the land from T. E. Beach subject to the lease and thereby became a party to the lease by assignment. As grounds for a cause of action he alleged that the lease provided that appellant would make certain repairs to a road located on the land and that appellant failed to make the repairs. Appellee prayed for specific performance of the lease agreement or in the alternative for judgment for damages resulting from appellant's breach of the lease agreement. In response, appellant filed a plea of privilege to be sued in the county of its residence, Harris County. The plea was duly controverted by appellee alleging that venue was proper in Henderson County pursuant to sections 5 and 23 of article 1995, Tex.Rev.Civ.Stat.Ann. After a plea of privilege hearing the trial court overruled the plea of privilege, from which appellant perfected this appeal.

We reverse and remand.

Appellant, in its first point of error, maintains that the trial court erred in overruling its plea of privilege because appellee failed to prove the necessary venue facts required by section 5 of article 1995. The basis of its contention is that the appellee failed to introduce into evidence the written lease or otherwise prove the terms of the lease agreement upon which this suit was brought. We have concluded that appellant's contention must be sustained. Inasmuch as appellee failed to prove up the alleged lease agreement, he failed to meet his burden of proving the essential venue facts for a suit upon a written contract.

The pertinent portion of article 1995 provides:

No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

This provision has been interpreted by the courts to require the proof of the following venue facts: (1) that the defendant is a party reached by the statute; (2) that the claim is based upon a written contract; (3) that the contract was entered into by the defendant or one authorized to bind

him; and (4) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. *Gray v. West*, 572 S.W.2d 829 (Tex.Civ.App.—Amarillo 1978, no writ); *N. K. Parrish, Inc. v. Navar*, 553 S.W.2d 216 (Tex.Civ.App.—Amarillo 1977, no writ); *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797 (Tex.Civ.App.—Tyler 1976, dism'd).

From the record before us it is obvious that appellee has failed to prove the requisite venue facts. The lease agreement which was allegedly executed by appellant and T. E. Beach and subsequently assigned to appellee by conveyance was not offered in evidence in the venue hearing. The only evidence adduced in the hearing was the testimony of appellee who testified that he was "suing" appellant for the repairs of a road located in Henderson County, Texas, pursuant to a written oil, gas and mineral lease. While an unsigned copy of an oil and gas lease was attached to appellee's petition, such was not offered in evidence. Further appellee testified that he had never seen the lease. The record is completely devoid of any evidence or no more than a scintilla of evidence in support of the venue facts that the claim was based on a written contract and that the contract was entered into by appellant or one authorized to bind it.

The contract relied upon by the plaintiff in order to invoke the provisions of section 5 of article 1995 must be proved. *Thompson v. Republic Acceptance Corp.*, 388 S.W.2d 404 (Tex.1965); *Southwest Building Materials Co., Inc. v. Ad America Co., Inc.*, 535 S.W.2d 891 (Tex.Civ.App.—Waco 1976, no writ). Accordingly, appellee failed to meet his burden of proving that venue was proper in Henderson County pursuant to section 5 of article 1995. *El Afifi v. Lilly Sales, Inc.*, 563 S.W.2d 371 (Tex.Civ.App.—Tyler 1978, no writ).

In regard to appellant's second point of error, which urges that there was no proof of the necessary venue facts under section 23 of article 1995, appellee stipulated in his brief that no evidence was offered to sus-

tain venue in Henderson County under this section of the venue statute. Accordingly this point must be sustained.

Inasmuch as appellee failed to prove the necessary venue facts in order to sustain venue in Henderson County, it is incumbent upon this count to reverse the order of the trial court. Instead of rendering a judgment transferring the cause to Harris County, we have concluded that the case has not been fully developed and that the ends of justice may be best subserved by remanding the case to the trial court for another hearing. *United States Fire Ins. Co. v. Carter*, 473 S.W.2d 2 (Tex.1971); *Aetna Ins. Co. v. Klein*, 325 S.W.2d 376 (Tex. 1959); *Pan American Fire & Casualty Co. v. Loyd*, 411 S.W.2d 557 (Tex.Civ.App.—Amarillo 1967, no writ); *Underwriters Life Ins. Co. v. Bornemann*, 141 S.W.2d 1005 (Tex.Civ.App.—Austin 1940, no writ).

Accordingly, the judgment is reversed and the cause is remanded.