CONVALESCENT ENTERPRISES, INC.,
et al., Appellants,

v.

FARWELL HOSPITAL DISTRICT,
Appellee.

No. 9303.

Court of Appeals of Texas,
Amarillo.

Dec. 22, 1981.

Witherspoon, Aikin & Langley, Marion J. Craig, III, Hereford, for appellants.

Aldridge, Harding, Aycock & Actkinson, Johnny Actkinson, Farwell, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a venue case. The trial court overruled the plea of privilege of appellant Convalescent Enterprises, Inc. (hereafter "CEI") to be sued in Travis County and

retained venue in Parmer County where this suit was filed by appellee Farwell Hospital District (hereafter "the District"). Being satisfied venue was proper in Parmer County under subdivision 5 of article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1980), we affirm.

In June, 1975, the District was voted into existence by the public and a bond issue was approved for construction of a nursing home in Farwell, Texas. The District engaged the services of an architect, Kirby W. Perry, under a contract described as AIA Document B141. Certain real property owned by the District was then leased to Health Care Management, Inc. (hereafter "Health Care") for a term of 21 years. Under the lease, the District agreed to construct a nursing home on the leasehold premises at the earliest possible date. Pursuant to the AIA contract, the architect prepared plans and specifications for the nursing home, bids were solicited and CEI was the low bidder. Officers of the District wanted to accept CEI's bid, but CEI could not satisfy the mandatory bonding requirements of article 5160, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1980). A plan was then devised whereby the District and its lessee, Health Care, would sublease the premises to CEI where the nursing home was to be built and CEI would construct the nursing home on a turn-key basis. Upon completion, the District would purchase the nursing home from CEI and deliver it to Health Care for use in accordance with the original lease. Various documents necessary to effect that plan, including a "sublease agreement," were prepared and signed by the appropriate parties.

CEI constructed the nursing home and delivered it to the District and Health Care under the architect's certificate of substantial completion in August of 1976. Immediately thereafter, the District discovered a significant problem with the plumbing system. The hot water and cold water were merging at some point in the system, producing temperate water throughout the building. Experts employed to solve the problem were unsuccessful because most of the plumbing system was buried in the cement slab foundation. Eventually, it was necessary to abandon the existing plumbing system and construct a new system in the ceiling of the nursing home.

The District initiated this litigation against CEI, the architect and the plumbing sub-contractor, seeking expenses incurred in correcting the plumbing defects. CEI and the architect filed pleas of privilege to be sued in Travis County, Texas and the District controverted those pleas. The trial court sustained the architect's plea and the District has not appealed that ruling. The other plea was overruled and that ruling is the basis of this appeal by CEI. It attacks, by appropriate points of error, the overruling of its plea on any of four exceptions to article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1980) plead by the District. Because we are satisfied the plea was properly overruled under subdivision 5 of Art. 1995, we will address only points of error one, two and three, which pertain to that subdivision.

■ Subdivision 5 of article 1995, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1980) states, as pertinent here:

> 5. Contract in writing.—(a.) ... if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, ... in such county ....

The venue facts that must be proven under subdivision 5 are: (1) the defendant is a party reached by the statute; (2) the claim is based upon a written contract; (3) the contract was entered into by the defendant or one authorized to bind him and (4) the contract by its terms provides for performance of the obligation sued upon in the county of suit. *Chapman Oil & Gas Company, Inc. v. Sylar*, 609 S.W.2d 603, 604, 605 (Tex.Civ.App.—Tyler 1980, no writ).[1]

---

1. The second, third and fourth venue facts are self explanatory. The first venue fact "the defendant is a party reached by the statute" is an obtuse statement of a simple matter: The de-

■ There is sufficient evidence of each of the foregoing venue facts in the record before us. The instrument titled "sublease agreement" between the District, Health Care and CEI is more than a sublease of the real estate by Health Care to CEI. It is also a contract between CEI and Farwell for the construction of the nursing home by CEI and its subsequent purchase by appellee. The sublease agreement is in writing and signed by the presidents and secretaries of the parties. It specifically describes certain real estate in Parmer County, Texas and states that CEI "shall cause a nursing home to be constructed at its own expense on the above described premises at its earliest possible date in accordance with the amended plans ... which plans, ... are attached hereto and marked Exhibit 'B'." This suit is based on the failure of CEI to construct the nursing home's plumbing system in accordance with the plans. From the foregoing evidence the trial court was entitled to find, and we must presume it did find, each of the venue facts of subdivision 5. *Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d 274, 276 (Tex.1979).[2] Accordingly, the trial court did not err by retaining venue in Parmer County.

CEI's primary complaint under its first three points of error is that the District did not plead the sublease agreement discussed above, as the basis for retaining venue in Parmer County, and was not entitled to have it admitted into evidence. Instead, says CEI, the District plead only the AIA contract between the District and the architect, to which CEI was not a party. An examination of the pleadings reveals otherwise.

In its original petition, adopted by reference in its controverting plea, the District said (as is pertinent here):

## II.

That on or about November 6, 1975 the plaintiff received bids for the construction of a nursing home for the Farwell Hospital District. Wherein the defendant Convalescent Enterprises, Inc. hereinafter referred to as builder was awarded the contract for the construction of said nursing home, and wherein defendant Kirby W. Perry AIA/Architect & Associates, Inc. hereinafter referred to as architect, had previously entered into a contract with the plaintiff for architectural services on the nursing home for the Farwell Hospital District. A copy of the contract is available with plaintiff's attorney, and due to the bulk of said contract is not filed herein. However, both defendants are well aware of the terms and conditions of said contract and are in possession of a copy of the contract.

■ It is obvious from reading the foregoing pleading that the District was pleading two contracts—the contract with CEI for construction of the nursing home and the AIA contract with the architect. The contract with CEI consisted of the sublease agreement and the architect's plans, which were incorporated into the sublease agreement. *Hanger Gen. Contractors v. Greater Swenson Gr.*, 597 S.W.2d 32, 33 (Tex.Civ. App.—Austin, 1980, no writ). The portion of the pleadings in question was not attacked by special exception and we are satisfied it gives fair notice to CEI of the contract upon which the District was relying. Rule 45(b), Tex.R.Civ.P. Thus, the trial court did not err in admitting the sublease agreement into evidence.

■ CEI also argues that the District did not plead all of the elements of subdivision 5 in its original petition. We agree. However, the District's controverting plea specifically plead subdivision 5 by citing the

fendant must be a person or legal entity that is a party to the contract. 1 R. McDonald, Texas Civil Practice § 4.11.2, (rev. 1981). The defendant may be a party by reason of having signed the contract, guaranteed it or succeeded to the rights and duties of the original signatory. *Id.* Some authorities combine the first and third venue facts into one element. See, e.g., 3

W. Dorsaneo, Tex. Litigation Guide § 61.-111(1)(b) (rev. 1981).

2. CEI requested findings of fact and conclusions of law but the trial court did not, and was not required to, grant the request. Rule 385, Tex.R.Civ.P.

statute and specifically plead the pertinent venue facts. It is permissible to allege the venue facts of subdivision 5 for the first and only time in the controverting plea. *Hanger Gen. Contractors v. Greater Swenson Gr.*, 597 S.W.2d 32, 34 (Tex.Civ.App.— Austin 1980, no writ); *See Wilson's Pharmacy, Inc. v. Behrens Drug Company*, 494 S.W.2d 161 (Tex.1973).

Points of error one, two and three are overruled. The remaining points of error are moot and will not be discussed. The judgment of the trial court is affirmed.