Jepthia C. TYSON, Appellant,

v.

Dealva Norine ALEXANDER, Appellee.

No. 07–82–0278–CV.

Court of Appeals of Texas,
Amarillo.

May 31, 1984.

Lon Moser, Moser & Stubblefield, Amarillo, for appellant.

Forrest Bowers, Bowers, Cotten & Harland, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is an appeal from a summary judgment that orders appellant Jepthia C. Ty-

son to pay a portion of his past and future military retirement benefits to appellee Dealva Norine Alexander. Tyson contends various factual and legal issues he raised in the trial court preclude summary judgment. We affirm.

On July 3, 1979, Alexander recovered a judgment against Tyson for $18,001.50, which represented one-half of the military retirement pay received by Tyson up to that date. Alexander was also given one-half of the retirement payments that were to be received by Tyson in the future. On the same day, Tyson and Alexander entered into a "Compromise of Judgment," by which Tyson paid Alexander $10,000.00 in cash and agreed to pay her one-half of his future retirement payments. In return, Alexander acknowledged that "such consideration is a full and complete settlement of such judgment" and she released Tyson "from any obligation existing by reason of such judgment *except the payment in the future of the one-half of the monthly sums as provided for herein.*" (Emphasis added.)

After the United States Supreme Court, in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that state courts could not, under community property laws, divide certain kinds of military retirement pay in divorce proceedings, Tyson stopped paying one-half of his retirement benefits to Alexander. She then brought this suit, seeking a declaratory judgment that Tyson was required to make the payments under the compromise of judgment agreement of July 3, 1979. After Tyson answered, Alexander moved for summary judgment, contending that the agreement should be enforced as written and that *McCarty* is not to be applied retroactively. Tyson responded by arguing that *McCarty* is to be applied retroactively and, when it is, the judgment upon which the compromise of judgment was based is void, thus rendering the compromise agreement unenforceable. Tyson also contended, with a supporting affidavit, that a fact issue existed because he entered into the compromise agreement believing the law required him to divide his retirement benefits with Alexander, a belief that *McCarty* later established as erroneous.

The trial court granted Alexander's motion, ordered Tyson to pay the sums he had withheld and directed him to continue paying Alexander one-half of his retirement benefits. In this Court, Tyson attacks the judgment by three points of error, contending that (1) Alexander did not carry her summary judgment burden of eliminating all material fact questions, (2) the trial court based its decision on an erroneous premise, and (3) the judgment that was the basis for the compromise agreement was void under *McCarty,* thus causing the agreement to be void. We will first resolve point three.

The U.S. Supreme Court decision in *McCarty v. McCarty* spawned considerable litigation in the lower courts, as divorced military personnel attempted to determine the practical effect of the decision. The central question in most of the litigation was whether *McCarty* was to be applied retroactively, thus voiding all existing judicial decrees dividing military retirement benefits. Initially, there was disagreement on that question among the intermediate appellate courts of Texas, *compare Ex parte Buckhanan,* 626 S.W.2d 65, 68 (Tex. App.—San Antonio 1981, no writ) *with Ex parte Welch,* 633 S.W.2d 691, 693 (Tex. App.—Eastland 1982, no writ), but most courts of appeals, state and federal, concluded that *McCarty* was not to be applied retroactively. *See, e.g., Wilson v. Wilson,* 667 F.2d 497, 499 (5th Cir.1982), *cert. denied,* 458 U.S. 1107, 102 S.Ct. 3485, 73 L.Ed.2d 1368 (1982); *Erspan v. Badgett,* 659 F.2d 26, 27–29 (5th Cir.), *denying reh'g of* 647 F.2d 550 (5th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); *Ex parte Hovermale,* 636 S.W.2d 828, 832–37 (Tex.App.—San Antonio 1982, no writ) (disapproving *Ex parte Buckhanan, supra* ); *Ex parte Forderhase,* 635 S.W.2d 198, 199–200 (Tex.App.—Tyler 1982, no writ).

The issue was settled by the Texas Supreme Court in *Segrest v. Segrest,* 649

S.W.2d 610 (Tex.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). In *Segrest,* the Court held that *McCarty* was not to be applied retroactively and that final judgments dividing military retirement benefits, rendered prior to *McCarty,* while possibly erroneous, were not void and were entitled to the same res judicata effect and immunity from collateral attack as other judgments. 649 S.W.2d at 613. That decision is fatal to Tyson's contention that a void judgment underlies the compromise agreement. The judgment may have been erroneous, but was not void, has been final for several years and is not subject to collateral attack in this case. Point of error three is overruled.

We will resolve Tyson's remaining points collectively. The essence of Tyson's contentions under points one and two is that there was an unresolved and material fact question that was ignored by the trial court and unanswered by Alexander. That fact question, says Tyson, is whether the parties entered into the compromise of judgment agreement under a mutual mistake of fact. The only summary judgment evidence supportive of his argument is his affidavit, which states, as pertinent here, that he entered into the compromise agreement:

> in reliance on the judgment of the 181st District Court of Randall County, Texas being valid and correct and that the law rquired [sic] such a division of retirement pay; that I would not have entered into such agreement if I had known the Court's judgment was void nor if I had known the law to be as it was determined to be in *McCARTY v. McCARTY,* decided by the United States Supreme Court in 1981; that such agreement was based upon a mistake of law; that such mistake was bilateral and that the agreement was made in reliance on the Court's judgment which, in fact, was void.

We must reject Tyson's contentions, for two reasons.

█ First, we do not agree that Tyson entered into the agreement under a mistake of fact. The error, visible in hindsight because of *McCarty,* was in believing that a Texas court had the judicial power to require Tyson to pay one-half of his retirement benefits to Alexander. That error is necessarily one of law, not of fact. As such, it is not a basis for avoiding the contract. *Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234, 237–38 (1961); *Hall v. Hayes,* 441 S.W.2d 275, 277 (Tex.Civ.App.— El Paso 1969, no writ); *Ussery v. Hollebeke,* 391 S.W.2d 497, 502 (Tex.Civ.App.— El Paso 1965, writ ref'd n.r.e.).

█ Second, if we grant factual status to Tyson's perception of his rights, we are still unable to give him any relief. Before a mistake of fact can endanger an otherwise valid contract, the mistake must be mutual and material. *Turberville v. Upper Valley Farms, Inc.,* 616 S.W.2d 676, 678 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Volpe v. Schlobohm,* 614 S.W.2d 615, 617–18 (Tex.Civ.App.—Texarkana 1981, no writ). Although Tyson argues that the mistake was mutual, the only summary judgment evidence of mutuality is his conclusion, in his affidavit, that "such mistake was bilateral ...." That ultimate statement does not satisfy the requirement that summary judgment affidavits "set forth such facts as would be admissible in evidence ...." Tex.R.Civ.P. 166–A(e); *Sumaruk v. Todd,* 560 S.W.2d 141, 146 (Tex. Civ.App.—Tyler 1977, no writ); *Schull v. Lower Neches Valley Authority,* 416 S.W.2d 505, 510 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.). There is, therefore, no evidence in admissible form to support Tyson's argument that the contract was executed under a mutual mistake of fact. Absent such evidence, we cannot conclude that Tyson raised a fact issue in the trial court. Points of error one and two are overruled.

The judgment is affirmed.