Jack CHRISTIAN, etc., et al., Appellants,

v.

Theodore J. JEMISON et al., Appellees.

No. 19120.

United States Court of Appeals
Fifth Circuit.

April 25, 1962.

Rehearing Denied June 15, 1962.

R. Gordon Kean, Jr., Parish Atty., F. W. Middleton, Jr., John V. Parker and J. Dawson Gasquet, Asst. Parish Attys., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for Baton Rouge Bus Co., Inc., appellants.

A. P. Tureaud, New Orleans, La., Constance Baker Motley, James M. Nabrit, III, Jack Greenberg, Derrick A. Bell, New York City, for appellees.

Before RIVES, BROWN, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The plaintiffs, Negroes living in Baton Rouge, Louisiana, brought this action on behalf of themselves and others similarly situated for an injunction against the enforcement of Section 118, Title 10, Chapter 2 of the Baton Rouge City Code of 1951. This ordinance requires local transportation companies to segregate the seating of white and Negro passengers.[1] The district court granted

---

1. Section 118 provides as follows:

"Section 118. Seating of Passengers.

"(1) Separation of Races in Buses: Every transportation company, lessee, manager, receiver or owner thereof, operating passenger buses in the City of Baton Rouge as a carrier of passengers for hire, shall require that all white passengers boarding their buses for transportation shall take seats from the forward or front end of the bus and that all Negro passengers boarding their buses for transportation shall take seats from the back or rear end of the bus.

"(2) Reservation of Seats: No white passenger shall occupy the long rear seat of the bus, which shall be reserved for the sole and exclusive use of negro passengers. No negro passenger shall occupy the two front seats facing the aisle of the bus, but such seats shall be re-served for the sole and exclusive use of white passengers.

"(3) No passengers of different races shall occupy the same seat.

"(4) When there may be or become vacant and available for occupancy any seat in the rear of a seat occupied by a Negro passenger or passengers, such negro passenger or passengers shall, when requested by the operator of the bus, remove to such rear seat; and, likewise, when there may be or become vacant and available for occupancy any seat in front of any seat occupied by a white passenger or passengers, such white passenger or passengers shall, when requested by the operator of the bus, remove to such front seat.

"(5) Authority of Bus Operator: The operator on all passenger buses in the City of Baton Rouge shall have authority to refuse any passenger further occupan-

summary judgment for the plaintiffs and the defendants, a group comprising various city officials, the Baton Rouge Bus Company, Incorporated, and certain of its officers brought this appeal. We affirm.

■ The central issue in this case is cut and dried. The Supreme Court has "settled beyond question that no State may require racial segregation of interstate or intrastate transportation facilities. Morgan v. Commonwealth of Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L. Ed. 1317 [165 A.L.R. 574]; Gayle v. Browder, 352 U.S. 903, 77 S.Ct. 145, 1 L. Ed.2d 114; Boynton v. Com. Virginia, 364 U.S. 454, 81 S.Ct. 182, 5 L.Ed.2d 206." Bailey v. Patterson, 1962, 82 S.Ct. 549. The Supreme Court has also decided that since the unconstitutionality of such segregation laws is clear, a single-judge district court may enjoin their enforcement:

> "The question is no longer open; it is foreclosed as a litigable issue. Section 2281 [of Title 28 U.S.C.A.] does not require a three-judge [district] court when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking non-existent. Ex parte Poresky, 290 U. S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Bell v. Waterfront Comm., 2 Cir., 279 F. 2d 853, 857–858. We hold that three judges are similarly not required when, as here, prior decisions make frivolous any claim that a state statute on its face is not unconstitutional." Bailey v. Patterson, supra;

Turner v. City of Memphis, 1962, 82 S.Ct. 805.

The defendants raise several collateral objections in an effort to avoid the injunction against enforcement of the unconstitutional ordinance. The principle of these is their contention that this suit is barred by res judicata. Section 118 was adopted by the City of Baton Rouge in June 1953. Shortly afterwards, certain Negroes living in the city, including the Reverend Theodore L. Jemison and one other plaintiff in the instant suit, sued in a Louisiana state court to enjoin the enforcement of the ordinance. They alleged that the ordinance was unconstitutional and also invalid for other reasons. The state court did not reach the merits of the constitutional issue, however, since it found that the constitutional objection had not been properly pleaded. It stated: "In matters of this kind mere generalities and conclusions do not suffice. The pleader is required to set forth just what part of the constitution is violated and in what respect the violation exists. The constitutional attack therefore must be held to have failed." The court found no merit in the other objections and denied relief January 20, 1954. No appeal was taken from that judgment.

■ The defendants' res judicata argument might be attacked on several bases.[2] But the reason that demonstrates its inapplicability most clearly to us is the momentous change that has occurred in the field of constitutional law since the adjudication of the first suit.

---

cy or use of any bus in the City of Baton Rouge unless such passenger shall comply with the provisions of this ordinance.

"(6) Chartered and Special Buses: The provisions of this ordinance shall not apply to any chartered bus or special bus run strictly designated for the exclusive use of members of any race, but in all such cases, such bus or buses shall be plainly marked 'Charter' or 'Special.'

"(7) Penalties: Any person, firm, corporation or association of persons or a member thereof convicted of violating any provisions of this ordinance shall be fined not less than ten dollars ($10.00) nor

more than one hundred dollars ($100.00), or imprisonment for not less than ten (10) days, nor more than sixty (60) days, or both, at the discretion of the Court for each offense.

"(8) This ordinance, being an emergency ordinance, shall be effective upon adoption."

2. The plaintiffs also contend that res judicata is inapplicable since this suit does not involve the same plaintiffs or the same defendants and since the prior suit did not reach the merits of the constitutional question.

The Supreme Court has many times declared "the general rule that res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." State Farm Mutual Auto Ins. Co. v. Duel, 1945, 324 U.S. 154, 162, 65 S. Ct. 573, 89 L.Ed. 812; Blair v. Commissioner, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Commissioner v. Sunnen, 1948, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. The earlier judgment asserted here was issued before the sands ran out on the "separate but equal" doctrine. Three months after the judgment in the state court, the Supreme Court announced its historic decision in Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 overturning the "separate but equal" doctrine that had dominated the constitutional law pertinent to racial equality since the landmark case of Plessy v. Ferguson, 1896, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256. It was the Brown precedent that led to the decisions, previously cited, in which segregation of local transportation facilities has been declared unconstitutional. In other related areas the law has been similarly transformed. If ever there was "an intervening decision or change in the law creating an altered situation," this is it! The wisdom of the rule which exempts such cases from the doctrine of res judicata is clearly revealed in this instance. It would be a senseless absurdity to sanction in Baton Rouge segregated seating under a law patently unconstitutional while everywhere else in the country segregated seating is prohibited. The Constitution is not geared to patchwork geography. It tolerates no independent enclaves.

The appellants claim also that summary judgment was improper since there were factual issues in dispute on which the district court should have received evidence. In their appellate brief, the defendants question whether the plaintiffs are Negro citizens of Baton Rouge who use the public transportation system, whether the Baton Rouge Bus Company operates its business on a segregated system, and whether the plaintiffs have been compelled to occupy segregated sections of the buses. The plaintiffs' complaint specifically averred each of these facts. The defendants responded with a general denial. At no time *prior to judgment* did they attempt to show that these allegations by the plaintiff were in dispute; a general denial is insufficient for this purpose. 6 Moore's Federal Practice § 56.15(3), (2nd Ed., 1953). On this basis the case was ripe for summary judgment.

We have examined all of the defendants' other objections. They have no merit.

The judgment is

Affirmed.