**Dale E. KOON, Appellant,**

v.

**Anna Mae KOON, Appellee.**

No. 5618.

Court of Civil Appeals of Texas, Eastland.

Aug. 28, 1981.

Rehearing Denied Aug. 28, 1981.

---

Carol E. Prater, Temple, for appellant.

R. C. Joe Mikeska, Jr., Mikeska & Francis, Temple, for appellee.

DICKENSON, Justice.

This is a post-divorce proceeding in which the ex-wife seeks a portion of the ex-husband's military retirement benefits which were not divided in the divorce decree. After a nonjury trial, judgment was rendered that the ex-wife, Anna Mae Koon, recover from the the ex-husband, Dale E. Koon, the sum of $10,287.75 as her share of the military retirement benefits which he received from December 15, 1972, through March 12, 1980. The judgment also awarded Anna Mae Koon a 26.875% interest in Dale E. Koon's military retirement benefits "if, as, and when such benefits are received." Dale E. Koon appeals. We reverse and render.

While the judgment does not specifically dispose of the ex-husband's counterclaim, it is an appealable final judgment

under the rule stated in *North East Independent School District v. Aldridge*, 400 S.W.2d 893, at 897 (Tex.1966).

The ex-husband's first point of error, that the trial court erred in awarding the ex-wife an interest in his military retirement benefits, controls the disposition of this case. On June 4, 1981, this court overruled the controlling point of error and affirmed the judgment of the trial court. That opinion was not published, for it followed the controlling case of *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976) and distinguished *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). While this case was pending in our court on motion for rehearing, the United States Supreme Court announced its decision in *McCarty v. McCarty*, 102 U.S. ——, 101 S.Ct. 2728, 69 L.Ed. 589 (1981).

Whether we agree with the majority opinion's reasoning or the scholarly dissent, we are bound to follow the Supreme Court's holding in *McCarty* that "federal law precludes a State court from dividing military nondisability retired pay pursuant to state community property laws."

Our opinion of June 4, 1981, is withdrawn. Point of Error number one is sustained, and the judgment of the trial court is reversed. We render judgment that Anna Mae Koon take nothing on her claim to a portion of the military retirement benefits of Dale E. Koon.