### Ex parte Julian R. ACREE, Relator.

### No. 08–81–00256–CV.

Court of Appeals of Texas,
El Paso.

Nov. 25, 1981.

John L. McKellips, El Paso, for relator.

Robert E. Golden, El Paso, for respondent.

Before STEPHEN F. PRESLAR, C. J., and OSBORN and WARD, JJ.

## OPINION

OSBORN, Justice.

In this original proceeding, the Relator, Julian R. Acree, seeks relief from an order of the District Court in which he was adjudged in contempt of Court for failure to pay to his former wife a portion of his military retirement benefits. We grant the writ and order the Relator discharged.

Mr. and Mrs. Acree were divorced in 1979, and the judgment provided that Mr. Acree would pay to his former wife 25% of his army retirement benefits, including any V.A. and/or military disability benefits. Counsel for Mr. Acree acknowledges that his client only receives retirement benefits and no disability pay. Relator made payments as ordered until this year but he has made no payments for April, June and July. In November, 1981, he was adjudged in contempt of Court and ordered confined for a period of ten days for each violation, for a total commitment of 30 days.

He asserts that the 1979 divorce decree is not res judicata of his obligation to pay part of his retirement benefits to his former wife, and that under the decision in *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that part of the decree which divided military retirement benefits is void and subject to this collateral attack. Because of the failure of the United States Supreme Court to speak to the issue of "retroactivity" of its decision, the Nation will soon be flooded with many conflicting decisions trying to resolve the effect of pre-*McCarty* judgments which divided military retirement benefits in divorce decrees.

We are aware of three such cases. On October 7, 1981, the California Fourth Court of Appeals in *Sheldon v. Sheldon,* 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (1981), wrote a very scholarly opinion analyzing the issue of retroactivity in considerable depth. The Court said:

"... (W)e conclude that a fully retroactive application of *McCarty* would be inimical to the principles of equity and fairness which underlie this state's family law system. Finding nothing in the nature or rationale of the *McCarty* decision which mandates a retroactive effect, we hold *McCarty* is inapplicable when the property rights in the military pension have been determined by a dissolution judgment which became final before the filing of the United States Supreme Court's opinion."

On October 9, 1981, the Fifth Circuit Court of Appeals in *Erspan v. Badgett,* 659 F.2d 26, on motion for rehearing, held that a pre-*McCarty* judgment dividing military retirement benefits was entitled to its usual res judicata effect. The majority of the Court concluded *McCarty* had no effect on the 1963 divorce decree involved in that case. Judge Ainsworth dissented and stated that he would give effect to *McCarty* from the date of the Supreme Court's decision.

On October 15, 1981, the San Antonio Court of Appeals in *Ex parte Robert C. Buckhanan* (No. 04–81–00243–CV, 1981), held that the relator could not be held in contempt for failure to pay his former wife a part of his military retirement benefits, as ordered by a 1977 Texas divorce decree. The majority concluded that under the holding in *McCarty,* Federal law, through the supremacy clause of the United States Constitution, preempted the power of Texas

Courts to treat military retirement pay as community property and divide it between spouses upon their divorce. In a well-reasoned opinion, Justice Clark said:

By definition, preemption by specific Congressional enactment took place when Congress acted, in accordance with the statutory scheme. The court, in its opinion of June 26, 1981, preempted nothing; it only considered, determined, and announced what Congress had already done.

The Court then concluded that under the holding in *Ex parte Johnson*, 591 S.W.2d 453 (Tex.1979), the 1977 judgment which divided the military retirement pay of Mr. Buckhanan was void and not merely erroneous. Justice Klingeman dissented, and concluded that the trial Court's divorce decree was, at worst, only erroneous, but not void.

While we might prefer to see the trial Court's order enforced and the contempt order affirmed, we can find no fault with the majority opinion in the *Buckhanan* case and we choose to follow its holding. *Ex parte Johnson, supra*, compels such decision.

The Relator is ordered discharged.