Ex parte Cleatus Eugene WELCH.

No. 11–82–014–CV.

Court of Appeals of Texas, Eastland.

May 13, 1982.

Rehearing Denied June 10, 1982.

Don R. Wilson, Wilson, Saringer & Wilson, Abilene, for appellant.

Gerald Brantley, Abilene, for appellee.

DICKENSON, Justice.

This is a post *McCarty*[1] contempt proceeding. Relator, Cleatus Eugene Welch, was ordered to pay his former wife, Gwynelle Alvarez, twenty-five percent of his military nondisability retired pay in their Decree of Divorce dated February 2, 1979. Relator has made all required payments through May of 1981.[2]

After learning of the *McCarty* decision, relator ceased paying his former spouse any part of the retirement benefits awarded to her in their Decree of Divorce. The former wife moved to hold him in contempt, and after hearing proof the 326th District Court entered an Order of Contempt and Commitment dated February 2, 1982, finding that relator "has contemptuously violated the

order of this Court in separate violations in that he has failed and refused, although he was able to do so, to pay Respondent her share of the military retirement benefit" for the months of June, 1981, through January, 1982. The 326th District Court then ordered relator confined to the Taylor County Jail for one day and further confined until he has paid the arrearage and attorney fees. We admitted relator to bail, pending hearing and decision of his petition to this court for a writ of habeas corpus. We hold the Decree of Divorce is neither void nor subject to collateral attack, and we order relator remanded to the custody of the Sheriff of Taylor County.

This court previously recognized that we are bound to follow the holding in *McCarty* when we applied it to a case which was pending on motion for rehearing. See *Koon v. Koon*, 621 S.W.2d 834 (Tex.Civ.App.—Eastland 1981, no writ). Thereafter, the Supreme Court of Texas acknowledged the *McCarty* decision as the "supreme law of the land." See *Trahan v. Trahan*, 626 S.W.2d 485 (Tex.1981). The *Trahan* opinion cited the Fifth Circuit's opinion in *Erspan v. Badgett*, 659 F.2d 26 (5th Cir. 1981) and quoted with approval the statement that:

(T)he res judicata consequences of a final, unappealed judgment on the merits (are not) altered by the fact that the judgment may have been wrong or rested upon a legal principle subsequently overruled in another case.

The Fifth Circuit's opinion in *Erspan* continues, 659 F.2d at 28:

Nothing in *McCarty* suggests that the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid and subsisting state court judgments. Absent some indication of such an intent, we decline to do so.

---

1. On June 26, 1981, the United States Supreme Court, with three justices dissenting, held that federal law precludes a state court from dividing military nondisability retired pay in connection with divorce proceedings pursuant to state community property laws. *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

2. We note that he was held in contempt on October 9, 1979, and again on June 4, 1981. The arrearages then due were paid on June 5, 1981, shortly before the *McCarty* decision was announced.

In view of the dicta in *Trahan* and the holdings in *Erspan* and *Ex parte Gaudion*, 628 S.W.2d 500 (Tex.App.—Austin 1982, original proceeding),[3] we decline to follow *Ex parte Buckhanan*, 626 S.W.2d 65 (Tex. App.—San Antonio 1981, original proceeding),[4] and *Ex parte Acree*, 623 S.W.2d 810 (Tex.App.—El Paso 1981, original proceeding). We do not agree with the holdings of *Buckhanan* and *Acree* that the pre-*McCarty* divorces are void and, therefore, subject to collateral attack, insofar as they award a portion of the military nondisability retired pay to former spouses of retired military personnel. *Ex parte Johnson*, 591 S.W.2d 453 (Tex.1979), is not in point because it dealt with a federal law which clearly stated that veterans' administration benefits "shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

We note in passing that the three dissenting justices stated in *McCarty*, 453 U.S. at 236, 101 S.Ct. at 2743, 69 L.Ed.2d at 608:

> (T)he Court fails either to quote or cite the test for pre-emption which *Hisquierdo*[5] established. . . . The reason for the omission of this seemingly critical sentence from the Court's opinion today is of course quite clear: the Court cannot, even to its satisfaction, plausibly maintain that Congress has "positively required by direct enactment" that California's community property law be preempted by the provisions governing military retired pay.

The *McCarty* dissent notes, 453 U.S. at 243, 101 S.Ct. at 2746, 69 L.Ed.2d at 613:

**3.** See the authorities cited therein from Alabama, Idaho and California which have expressly refused to apply *McCarty* retroactively to invalidate prior final divorce decisions which divided military retirement benefits. The Supreme Court of Texas denied a petition for writ of habeas corpus in C–1031, *Ex parte John Joseph Gaudion*, 25 Tex.Sup.Ct.J. 170 (February 10, 1982) (no written opinion).

**4.** A different panel of the San Antonio Court reached a different result in *Ex parte Rodriguez*, No. 04–81–00333–CV (Tex.App.—San Antonio, December 10, 1981) (not yet reported, pending rehearing en banc). The Supreme

(T)oday's decision is not simply a logical extension of prior precedent. . . . I am not certain whether the analysis was wrong in *Hisquierdo* or in this case, but it is clear that both cannot be correct.

Just prior to the *McCarty* decision, the Supreme Court of Texas stated in *Ex parte Burson*, 615 S.W.2d 192 at 194 (Tex.1981):

> A district court, under our decisions, has the power to enforce a decree ordering a spouse to make payments out of the Air Force disability retirement pay. . . . If there is no appeal from the divorce court's division of the property, that decree may not be collaterally attacked.

Footnote 2 of *Burson*, discussing whether normal military retirement statutes preempt state law, states: "There is no express pre-emption, and we find no implied preemption."

We hold that *McCarty* should not be applied retroactively and that the state community property laws were not expressly preempted by the federal statutes dealing with military nondisability retired pay. Congress did not "positively require by direct enactment" that our state community property laws be preempted as to the military nondisability retired pay. See *Trahan v. Trahan*, supra; *Ex parte Burson*, supra; *Ex parte Gaudion*, supra; *Erspan v. Badgett*, supra. The Decree of Divorce is not void and cannot be collaterally attacked.

Relator is remanded to the custody of the Sheriff of Taylor County.

Court of Texas denied a petition for writ of habeas corpus in C–911, *Ex parte Simon Y. Rodriguez*, 25 Tex.Sup.Ct.J. 110 (December 31, 1981) (no written opinion).

**5.** *Hisquierdo v. Hisquierdo*, 439 U.S. 572 at 581, 99 S.Ct. 802 at 808, 59 L.Ed.2d 1 (1979), states the test:

> On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has "positively required by direct enactment" that State law be preempted.