**Ex Parte Larry A. FORDERHASE, Relator.**

**No. 12–82–0072–CV.**

Court of Appeals of Texas, Tyler.

May 21, 1982.

Henry E. Kerry, Fort Worth, for relator Larry A. Forderhase.

Joe E. Shumate, Bath, Turner, Barber & Shumate, Henderson, for respondent Martha Paul Forderhase Rogers.

McKAY, Justice.

Relator Larry A. Forderhase (Forderhase or Relator) brought this original habeas corpus proceeding after the district court held him in contempt for refusing to obey a divorce decree ordering him to pay his former wife a portion of his military nondisability retired pay. We refuse to grant the writ of habeas corpus and hereby order Relator remanded to the custody of the Rusk County Sheriff.

Relator and Martha Paul Forderhase (now Rogers) were married in 1953. At the time of their divorce in 1979, Relator had retired from the U. S. Navy. The 4th Judicial District Court in its divorce decree ordered Relator to pay forty percent (40%) of his military nondisability retired pay to his former spouse. The divorce decree was signed on January 5, 1979.

On October 14, 1981, Relator's former wife moved to hold him in contempt for violating the divorce decree. The contempt motion alleged that Relator violated the divorce decree in two respects: (1) he had paid less than forty percent (40%) of his military nondisability retired pay to her from March 1979 through July 1981; and (2) he had wholly failed to pay any military nondisability retired pay after July 1981.

Relator was held in contempt on March 18, 1982. The judgment of contempt recited Relator had paid less than the required amount for certain periods and had failed to pay since August 1981. It further stated that Relator was and is currently able to pay this arrearage. Pursuant to a stipula-

tion by the parties, the judgment recited that the total amount of the arrearage was $2,616.75. Punishment was assessed at confinement in the County Jail of Rusk County for three days and so long thereafter until the amount of the arrearage was paid.

On March 24, 1982, an order was signed allowing Relator to post bond in lieu of commitment. Relator, after posting bond, was released on his own personal recognizance. Relator has filed an original habeas corpus proceeding in this court. Our resolution of this question hinges upon whether a decision of the U. S. Supreme Court holding that Congress had preempted community property statutes should be given retroactive effect.

The Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) held that military nondisability retired pay is not subject to division upon divorce pursuant to California community property laws. *McCarty* was an appeal from a judgment which divided Mr. McCarty's military nondisability retired pay benefits. The post *McCarty* courts which have been presented with collateral attacks upon judgments dividing military nondisability retired pay have reached decisions based upon different rationales. Some courts have upheld collateral attacks, holding that congressional legislation preempted the power of the states to divide military nondisability retired pay and that *McCarty* only announced what congress had already done. *Ex parte Buckhanan*, 626 S.W.2d 65 (Tex. App.—San Antonio 1981, no writ); *Ex parte Acree*, 623 S.W.2d 810 (Tex.App.—El Paso 1981, no writ). Other courts have given res judicata effect to the judgment under collateral attack and ruled that the Supreme Court did not intend retroactive application of *McCarty's* prohibition against dividing military nondisability retired pay. *Erspan v. Badgett*, 659 F.2d 26 (5th Cir. 1981), *cert. denied* —— U.S. ——, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); *Sheldon v. Sheldon*, 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (Cal.App.1981).

In our view, the *McCarty* decision was based upon congressional preemption because of the Supreme Court's reliance upon the two prong preemption test announced in *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979).[1] The *McCarty* majority stated that *Hisquierdo's* test for congressional preemption was (1) whether the right as asserted conflicts with the express terms of federal law, and (2) whether its consequences sufficiently injure the objectives of the federal program so as to require nonrecognition. *McCarty*, 101 S.Ct. at 2735. It then concluded that (1) the application of community property law to military nondisability retired pay conflicts with the federal military retirement scheme, *Id.* at 2736; and (2) the consequences of applying community property principles to military nondisability retired pay threaten grave harm to clear and substantial federal interests. *Id.* at 2741. Moreover, Justice Rehnquist's dissent emphasizes that the majority opinion is based upon preemption. *Id.* at 2743–48. Furthermore, one commentator has noted that the *McCarty* majority indicates that military nondisability retired pay is an absolutely federally preempted personal entitlement. Kahn, Martin L. "McCarty Revisited—Its Repercussions Continue to Echo," 16 Texas Trial Lawyers Forum 11, 16–17 (1982).

The most recent cases of *Ex parte Gaudion*, 628 S.W.2d 500 (Tex.App.—Austin 1982, no writ), and *Ex parte Rodriguez*, 636 S.W.2d 844 (Tex.App.—San Antonio 1982, no writ), follow the authorities which refuse to apply *McCarty* retroactively. Habeas corpus writs in *Gaudion* and *Rodriguez* were denied by the Texas Supreme Court. We choose to follow *Erspan v. Badgett*, *supra*, *Gaudion* and *Rodriguez*.

*Erspan* and *Gaudion* both quote from *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981): "[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact

---

1. *Hisquierdo* held that benefits payable under the Railroad Retirement Act are not property

subject to division upon divorce.

that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Erspan* further notes "nothing in *McCarty* suggests that the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid and subsisting state court judgments." *Id.* at 28.

In the instant case the record reveals there is a final, unappealed judgment on the merits, and in our view such a judgment ought not to be, and is not, altered by the fact that it "rested on a legal principle subsequently overruled in another case." Since it has been repeatedly held in Texas that military retirement benefits are subject to division as community property, *Taggart v. Taggart*, 552 S.W.2d 422 (Tex. 1977); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976); *Dominey v. Dominey*, 481 S.W.2d 473 (Tex.Civ.App.—El Paso 1972) *cert. denied*, 409 U.S. 1028, 93 S.Ct. 462, 34 L.Ed.2d 321 (1972); and *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), we hold that the *McCarty* opinion, although based upon the doctrine of preemption, does not control the disposition of the instant case, and does not retroactively invalidate the divorce judgment involved here.[2]

We disapprove of Relator's action in simply disregarding the order of the trial court unless and until it had been set aside by a court of competent jurisdiction. We suggest counsel should test the validity of a judgment or order by appropriate proceeding before his client ignores or disregards such judgment or order.

Relator is remanded to the Sheriff of Rusk County.

---

**2.** The trial court's award to Mrs. Forderhase of 40% of Mr. Forderhase's military nondisability retired pay presumably was pursuant to a "just and right" division of the estate of the parties. Tex.Fam.Code Ann. § 3.63 (Vernon 1975). For us to hold that Mr. Forderhase is no longer obligated to comply with this provision of the divorce decree would deprive Mrs. Forderhase of the benefits she received, and would leave her without a means to test our decision. *See Woodruff v. Woodruff*, 487 S.W.2d 692 (Tex. 1972); Sales, "Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas," in State Bar of Texas, Appellate Procedure in Texas § 1.7[c] (1979). Mr. Forderhase, however, can challenge the correctness of our decision by filing an application for a writ of habeas corpus in the Texas Supreme Court.