419 So.2d 1251 (1982)
Georgia MAI, Plaintiff-Appellee,
v.
Edward MAI, Defendant-Appellant.
No. 8821.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
Writ Denied September 24, 1982.
*1252 Davis & Murchison, James D. Davis, Alexandria, for defendant-appellant.
Harry Hammill, Alexandria, for plaintiff-appellee.
Before GUIDRY, CUTRER and LABORDE, JJ.
GUIDRY, Judge.
In this suit, Edward Mai seeks modification of a final judgment rendered and signed on April 18, 1975 which partitioned the community of acquets and gains formerly existing between him and his former wife, Georgia Mai.[1] In response to such petition, Georgia Mai filed an exception of res judicata, which was sustained resulting in a dismissal of appellant's suit. Edward Mai appeals from that judgment.
The facts are undisputed. Defendant, Edward Mai, and plaintiff, Georgia Mai, were judicially separated on July 19, 1974. Thereafter, Georgia Mai filed a suit for partition of the community of acquets and gains formerly existing between the parties. The parties were in agreement as to a proper division of all of the aforesaid community property with the exception of the monthly military retirement pension received by the defendant. The matter went to trial on this disputed issue. The district court concluded that Georgia Mai was entitled to receive 9/26ths of the monthly military retirement pension benefits due to Edward Mai, retroactive to August 12, 1974. A judgment decreeing a partition of all properties belonging to the parties, including appellant's military retirement pension, was rendered and signed by the trial court on April 18, 1975. Thereafter, Edward Mai filed a motion for a new trial which was denied by the district court. Defendant-appellant did not appeal, thus, the aforesaid judgment is now final.
On August 10, 1981, Edward Mai filed the instant petition seeking modification of such partition judgment insofar as it awarded to his former spouse a portion of his military retirement pension benefits. In support of his petition, Edward Mai avers that a recent United States Supreme Court case entitled McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) which held that a wife has no interest in her husband's non-disability military retirement pension is applicable to the present dispute and mandates the modification of the prior judgment.
The sole issue on appeal is whether the trial court erred in concluding that the prior judgment of partition is res judicata.
The exception of res judicata as provided in LSA-C.C.P. Article 927 derives its authority from LSA-C.C. Article 2286 which provides as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
Our courts have repeatedly held that the aforesaid article is stricti juris and each and every element of the formula must be present in order to maintain a plea of res judicata. Grain Dealers Mutual Insurance *1253 Co. v. Hardware Dealers Mutual Fire Insurance Co., 196 So.2d 650 (La.App. 1st Cir. 1967).
Defendant contends that the civilian doctrine of res judicata is inapplicable to the present circumstances because all of the three essential elements for such application have not been satisfied. In this regard, defendant urges that the requirement that "the demand must be founded on the same cause of action" has not been met under the instant circumstances. He argues that the cause of the original suit and the instant matter are altogether different in that the cause of the former was a division of community property in accordance with existing state law; whereas, the cause of the present suit for modification of the prior state court judgment is pre-emption of state law by a pervasive federal scheme. We disagree.
In the matter sub judice, each element required for the application of the doctrine of res judicata as set forth in LSA-C.C. Article 2286 is present. The thing demanded in both actions is the non-disability retirement pension benefits earned by reason of defendant's service in the military. Both actions are based on the same cause of action, specifically, a settlement of the rights of the parties as to such retirement benefits. Finally, both demands are indisputably between the same parties and are against each party in the same quality. Thus, we discern no clear error on the part of the trial court in its conclusion that plaintiff's exception of res judicata was well taken.
Finally, defendant, citing Judge Ainsworth's dissent in Erspan v. Badgett, 659 F.2d 26 (5th Cir., 1981), argues that "a subsequent change in law should negate the res judicata effect of a decision where, and to the extent that, (1) the rights adjudicated in that decision do not accrue until after the intervening change in the law has occurred; and, (2) the operation of res judicata would result in unequal treatment of similarly situated individuals." In Erspan v. Badgett, supra, the Fifth Circuit Court of Appeal "On Suggestion for Rehearing En Banc", addressing factual circumstances similar to those in the instant matter, stated as follows:
"... Furthermore, as the Supreme Court noted in Federated Department Stores, Inc. v. Moitie, [452 U.S. 394], 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981), `the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.' [452 U.S. 394], 101 S.Ct. 2427 [69 L.Ed.2d 103] (citations omitted). Nothing in McCarty suggests that the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid and subsisting state court judgments. Absent some indication of such an intent, we decline to do so."
In Footnote 2 of the Erspan opinion, the court explains at length why the doctrine of res judicata is applicable in cases where a divorce decree or judicial partition of community property has been ordered prior to the McCarty decision. Essentially, the court points out that the two elements set forth by Judge Ainsworth in his dissent which are required to negate the res judicata effect of a prior judgment are not satisfied under circumstances such as exists in Erspan and the present matter. In this regard, the Erspan court stated:
"Assuming that plaintiff's right to defendant's retirement benefits, although established in the 1963 decree, `accrues' only when each periodic payment is actually due and payable, the dissent's reasoning overlooks the fact that plaintiff simply is not `similarly situated' to individuals whose divorce decrees are rendered after McCarty. As noted in the panel opinion of this case, Texas courts are authorized to divide marital property in a `just and right' manner. In making this determination Texas courts consider several factors, including an ex-spouse's future need for support. [Erspan v. Badgett 5th Cir.] 647 F.2d [550] at 554. Whereas pre-McCarty divorce courts have considered a spouse's military retirement *1254 benefits as community property when dividing the other joint property of the spouses in a `just and right' manner, a post-McCarty court will not. Under the dissent's proposed approach the overall equitable distribution of marital property fashioned by Texas courts in cases decided before McCarty would be frustrated, if not destroyed."
We agree with the aforesaid reasoning of the majority in Erspan and consider the same to be equally applicable to a community property partition judgment fashioned under the laws of Louisiana in that such judgment awards to each spouse his or her just share of the whole of all of the community property.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant, Edward Mai.
AFFIRMED.
NOTES
[1] The petition seeking a modification of the partition judgment was filed in the original partition suit which results in Edward Mai appearing as defendant-appellant rather than plaintiff-appellant.