**Melvin Royce THOMPSON, Appellant,**

v.

**Donna Mae THOMPSON, Appellee.**

**No. 01–82–0484–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

Howard Stern, Houston, for appellant.

Rachel Johnson, Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

OPINION

EVANS, Chief Justice.

The sole issue in this case is whether the doctrine of res judicata precludes appellant's collateral attack on that part of a 1977 Texas divorce decree that awarded his former wife, the appellee, a share in his military retirement benefits. We hold that the doctrine does apply and affirm the trial court's judgment denying appellant's suit to enjoin enforcement of the decree.

At the time of the entry of the divorce decree, the appellant had been receiving military retirement payments because of more than 20 years service in the United States Army. Under the terms of the decree, the appellee, was awarded ½ of ⅘ of the appellant's military retirement benefits, and such payments have apparently been made to her pursuant to the terms of said decree since that time.

On June 26, 1981, the United States Supreme Court held that the Supremacy Clause of the United States Constitution pre-empts a spouse's entitlement to military non-disability retirement benefits under a state's community property laws, and ruled that such benefits are not subject to state court division, as community property, upon dissolution of marriage. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

The appellee recognizes that the rule announced in *McCarty* is controlling in all *direct* appeals from state court divorce decrees, but she contends that in a collateral proceeding, such as that brought in the instant case, the state court decree should be given res judicata effect. In support of this contention, she cites *Erspan v. Badgett,* 659 F.2d 26 (5th Cir.1981), where a 1963 Texas divorce decree was given res judicata effect in a collateral proceeding, the Circuit Court of Appeals concluding that there had been no suggestion by the U.S. Supreme Court in *McCarty* that its decision was intended to invalidate or otherwise render unenforceable a final state court judgment.

The appellant, however, points to *Ex Parte Buckhanan,* 626 S.W.2d 65 (Tex.App. —San Antonio 1981, no writ) in which the *McCarty* ruling was given retroactive effect. In that case the court granted a writ of habeas corpus to a former husband adjudged in contempt for failure to obey that portion of the divorce decree ordering him to pay part of his military nondisability pay to his former spouse. In reaching their decision, a majority of the Court concluded that the state court decree was void, and therefore subject to collateral attack, basing their decision on the holding of the Texas Supreme Court in *Ex Parte Johnson,* 591 S.W.2d 453 (Tex.1979). In that case, also a habeas corpus proceeding, the court held that Veteran's Administration disability benefits were not subject to division on divorce because the federal statute clearly expressed the intent of Congress that such benefits be solely for the use of the disabled veteran. We note that Justice Klingeman filed a dissent in *Buckhanan,* pointing out distinguishing factors between the military pay statute involved in his case and the Veteran's disability statute discussed in *Johnson.* We also note that the holding of the majority of *Buckhanan* was later followed by the El Paso Court of Appeals in *Ex Parte Acree,* 623 S.W.2d 810 (Tex.App. —El Paso 1981, no writ), also on original proceeding for habeas corpus.

Although we have great respect for the conclusions reached by Courts of Appeals in *Buckhanan* and *Acree,* we have decided to follow the guidance of recent statements published by the Texas Supreme Court in *Trahan v. Trahan,* 626 S.W.2d 485 (Tex. 1981). In *Trahan,* the plaintiff brought suit against her former husband to partition military retirement benefits that had not been divided by a prior divorce decree. Concluding that the decision of the United States Supreme Court in *McCarty* was controlling, the Texas Supreme Court held that the wife was not entitled to any part of her former husband's military retirement benefits. However, the Court proceeded to consider and distinguish the decision of the Fifth Circuit Court of Appeals in *Erspan, supra,* stating:

> Although the case before us involves a partition suit, it does not come within the holding in *Erspan supra.* Unlike *Erspan,* the military retirement benefits in dispute were not partitioned at the time of either of the Trahan's divorces. No final adjudication regarding Jack Trahan's military retirement benefits, therefore, has or will be made until this court renders its opinion. *In the absence of a final adjudication, the doctrine of res judicata is inapplicable* ... (emphasis added) (626 S.W.2d at 488.)

We accordingly hold that the 1977 divorce decree is res judicata in this collateral attack on the trial court's decree.[1]

The judgment of the trial court is affirmed.

---

1. Note is taken of the recent decision of the Texas Supreme Court in *Cameron v. Cameron,* 641 S.W.2d 210 (1982), which discusses the effect of the Uniformed Services Former Spouses Protection Actions 10 U.S.C. Sec. 1408 (1982) in cases governed by *McCarty, supra.* Since we hold that the divorce decree is to be given res judicata effect, we do not perceive the decision in *Cameron* or the provisions of The Uniformed Former Spouses Protection Act, to be applicable to the case at bar.