426 So.2d 656 (1982)
Janet Reynolds COX
v.
John M. COX.
No. 82 CA 0223.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Rehearing Denied February 17, 1983.
Writ Denied April 5, 1983.
E. Buddy Thompson, Baton Rouge, for plaintiff-appellant Janet Reynolds Cox.
Michael V. Clegg, and Joel B. Dickinson, Baton Rouge, for defendant-appellee John M. Cox.
*657 Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Plaintiff-appellant, Janet Reynolds Cox, seeks a reversal of the trial court's judgment terminating her 23/54ths right in her former husband's, John M. Cox, military retirement benefits.
Appellant and defendant-appellee, John M. Cox, were married on September 5, 1947, in California. Throughout their marriage, they were domiciled in community property states (i.e., Washington, Arizona, or Louisiana).
In January, 1975, John M. Cox filed suit in East Baton Rouge Parish for separation from bed and board. Judgment was so rendered on February 14, 1975. On May 14, 1976, Janet Cox was granted a divorce in which John M. Cox was ordered to pay permanent alimony in the amount of $750.00 per month. She subsequently instituted suit to enforce the agreement, also seeking a right in his military retirement benefits not included in the initial property settlement. On January 12, 1978, judgment was rendered, recognizing her right to 23/54 ths of all past, present, and future military retirement benefits. On appeal, this court affirmed. Thereafter, John M. Cox no longer pursued the matter and the aforesaid judgment is now final. On May 11, 1979, Janet Cox filed a rule for "Judgment for Arrearages and to Make Judgment Executory." John M. Cox was ordered to pay all arrearages.
On October 21, 1981, appellee filed a rule to show cause why he should not be relieved of his obligation to pay 23/54ths of his military retirement benefits to appellant. He bases his rule on the Supreme Court's decision in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).[1] Appellant opposed this rule, citing Erspan v. Badgett, 659 F.2d 26 (5th Cir.1981), as standing for the proposition that nothing in McCarty, supra, suggests the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid and subsisting state court judgments. Paraphrased, Erspan, supra, stands for the proposition that prior valid subsisting state court judgments are res judicata.[2] The trial court agreed with appellee's contention, ordering the termination of military retirement benefits to appellant. From this judgment, she appeals.
The issue presented is whether a prior judgment awarding a percentage of a former husband's military retirement benefits to a former spouse is entitled to res judicata effect.
Our learned brethren from the Third Circuit, when faced with the identical issue in Mai v. Mai, 419 So.2d 1251 (La.App. 3rd Cir.1982), concluded that the prior property partition judgment which included a percentage of her former husband's military retirement benefits was entitled to res judicata effect. We agree with their conclusions therein and adopt their reasoning.
Under the holding of Mai, supra, we must first determine whether this matter meets the requirements of res judicata as provided in L.S.A.-C.C. 2286 as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand *658 must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
In the matter sub judice, we must determine if: (1) the thing demanded is the same; (2) it is the same cause of action; (3) the demand is between the same parties, and (4) formed against each other in the same quality. With respect to the thing demanded, it was and is 23/54ths of his military retirement benefits that is being sought. The cause of action was and is the determination and settlement of appellant's right and interest in and to appellee's military retirement benefits. The parties are the same as in the prior litigation and formed against each other in the same quality. Appellant having met her burden, we next look to see whether appellee falls within any exception to the doctrine.
Appellee cites Lovell v. Lovell, 378 So.2d 418 (La.1979), as standing for the proposition that certain factors will determine whether or not a decision should be given retroactive effect, to-wit:
"In determining whether or not our decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)."
However, Justice Rehnquist in Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), stated that "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered on a legal principle subsequently overruled in another case." Citing this as authority for its decision in Wilson v. Wilson, 667 F.2d 497 (5th Cir. 1982), the Fifth Circuit, when considering the res judicata effect of a prior judgment awarding a percentage of military retirement benefits to a divorced spouse, held that they were bound by Federated Department Stores, Inc., supra, and their own decision in Erspan, supra. We find this logic sound in light of Congress' latest enactment concerning this subject. (See Uniformed Services Former Spouses' Protection Act of 1982, Pub.L. No. 97-252, 96 Stat. 730 (1982)).
Public Law 97-252, Title X, Section 1408's legislative history specifically states that Congress has provided that the Supreme Court's decision in McCarty, supra, is not to be given retroactive effect. Therefore, the prior judgment awarding appellant 23/54ths of appellee's military retirement benefits is res judicata to any subsequent claim.
For the foregoing reasons, we find the matter before us is res judicata and reverse the trial court's ruling in favor of John M. Cox. Judgment is therefore rendered in favor of Mrs. Cox, reaffirming her right and interest to 23/54ths of all past, present, and future military retirement benefits of her former husband. Appellee is to pay all costs.
REVERSED.
NOTES
[1] In McCarty, supra, the Supreme Court considered military retirement benefits to be reduced compensation for reduced current services. As such, military retirement benefits would be analogous to wages earned after separation or divorce, therefore separate property. The Court found McCarty, supra, removed the wife's entitlement to her husband's retirement pay and thus pre-empted Louisiana Community Property Law. Thus, the wife was determined not to be entitled to any interest in future military retirement pay received by her former husband.
[2] Although the magic words "res judicata" were not used by appellant, such doctrine has been pled. Appellee recognized this fact in his brief wherein he states appellant bases her appeal on res judicata. L.S.A.-C.C.P. 1005 requires a defense of res judicata to be affirmatively set forth. See generally Hancock v. Lincoln American Insurance Company, 278 So.2d 561 (La.App. 1st Cir. 1973), writ denied, 281 So.2d 754 (La. 1973). This requirement being liberally construed, Bank of Coushatta v. Evans, 313 So.2d 644 (La.App. 2nd Cir.1975), we find such doctrine has been pled.