**Keith NELSON, Appellant,**

v.

**Carolyn R. Nelson LITTLE, Appellee.**

**No. 2–82–162–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 13, 1983.

Larry S. Parnass and Michael J. Wiss, Irving, for appellant.

Harold Calvin Ray, Irving, for appellee.

Before HUGHES, JORDAN and ASHWORTH, JJ.

OPINION

ASHWORTH, Justice.

Keith Nelson appeals from a judgment refusing to void that portion of his divorce judgment rendered in 1977 which awarded his wife, Carolyn R. Nelson, part of his military retirement benefits when and if the same mature.

We affirm.

Nelson, a career serviceman, was divorced from his wife, Carolyn, on November 9, 1977. The divorce judgment awarded Carolyn 50% of 264/288 months of Nelson's military retirement benefits when and if received. In 1981 the United States Supreme Court rendered its decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which held that non-disability military retirement is not subject to division under state community property laws. On August 18, 1981, Nelson filed the instant suit for declaratory judgment seek-

---

ing to void the award of part of the retirement benefits to his wife. Nelson's sole point of error is that the holding in *McCarty v. McCarty, supra,* should be applied retroactively. We disagree.

Appellant relies upon *Ex parte Buckhanan,* 626 S.W.2d 65 (Tex.App.—San Antonio, 1981, no writ) one of the first cases decided in Texas subsequent to *McCarty,* and which held that *McCarty* should be applied retroactively. The holding in *Buckhanan* was short-lived, and in effect has been disapproved at least twice by the same court which originally issued the decision. See *Ex parte Rodriguez,* 636 S.W.2d 844 (Tex. App.—San Antonio, 1981) *writ denied* 25 Tex.Sup.Ct.J. 170 (Feb. 10, 1982), and *Ex parte Hovermale,* 636 S.W.2d 828 (Tex.App. —San Antonio 1982, no writ). Other cases to the same effect are *Ex parte Gaudion,* 628 S.W.2d 500 (Tex.App.—Austin, 1982) *writ denied* 25 Tex.Sup.Ct.J. 110 (Dec. 31, 1981); *Ex parte Welch,* 633 S.W.2d 691 (Tex.App.—Eastland 1982, no writ); and *Ex parte Forderhase,* 635 S.W.2d 198 (Tex. App.—Tyler 1982, no writ).

The Texas cases cited are in accord with federal law as set forth in *Erspan v. Badgett,* 659 F.2d 26, *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). We also note that since the *McCarty* decision, the Department of Defense Authorization Act, 96 Stat. 718 (1982), has been enacted, which entitles former spouses to their share of military retirement benefits.

The judgment of the trial court is affirmed.