**Larry G. HALL, Appellant,**

v.

**Marie L. HALL, Appellee.**

**No. 9111.**

Court of Appeals of Texas,
Texarkana.

Dec. 28, 1982.

Joe B. Lovelace, Lovelace & Lovelace, Linden, for appellant.

Patricia H. Florence, Florence, Florence & Woodson, Hughes Springs, for appellee.

BLEIL, Justice.

Larry Hall appeals from a judgment declaring that he is required to pay that part of his military retirement awarded to his wife by the divorce decree. The issue raised is whether the decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981),—which holds that state courts cannot divide U.S. military retirement benefits—applies retroactively. We determine that it does not.

Hall and his wife were divorced on March 30, 1979. The divorce decree incorporated a property settlement agreement in which he agreed to pay one-half of his United States Army retirement benefits to her. He made these payments until July 1981. In September 1981, he filed a declaratory action and sought a bill of review to set aside the property settlement agreement alleging that it was void. The trial court denied him any relief. We affirm.

The Supreme Court in *McCarty* held that federal law precludes a state court from dividing nondisability military retirement pay in connection with divorce proceedings pursuant to state community property laws.

The divorce decree was a final judgment before *McCarty* was decided. Nothing in *McCarty* suggests that the Supreme Court intended to invalidate, or otherwise render unenforceable prior state court judgments. *Erspan v. Badgett,* 659 F.2d 26 (5th Cir. 1981); *Ex Parte Welch,* 633 S.W.2d 691 (Tex.App.—Eastland 1982, no writ). We follow the logic in other recent decisions and hold that the *McCarty* decision should not be applied retroactively. State community property laws were not expressly preempted by the federal statutes dealing with nondisability military retirement pay. *Ex Parte Hovermale,* 636 S.W.2d 828 (Tex.App.—San Antonio 1982, no writ); *Ex Parte Rodriguez,* 636 S.W.2d 844 (Tex.App.—San Antonio 1982, no writ); *Ex Parte Welch,* supra; *Ex Parte Gaudion,* 628 S.W.2d 500 (Tex.App.—Austin 1982, no writ). Larry Hall cannot collaterally attack the final decree of divorce.[1]

We affirm the judgment.

---

1. In arriving at our decision we observe the history of several Courts' of Appeals cases after those courts denied relief to the retired service members on the basis that the *McCarty* decision is not to be applied retroactively. The retired service members in *Rodriguez, Welch* and *Gaudion,* supra, later sought and were denied habeas corpus relief by the Supreme Court without written opinions. *Ex Parte Cleatus Eugene Welch,* 25 Tex.Sup.Ct.J. 421 (July 17, 1982); *Ex Parte John Joseph Gaudion,* 25 Tex. Sup.Ct.J. 170 (February 13, 1982); and *Ex Parte Simon Y. Rodriguez,* 25 Tex.Sup.Ct.J. 110 (January 9, 1982).